**SIGNED THIS: March 11, 2009**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TRACEY L. ENGLEHAUPT, | )   No. 08-80388 |
| | ) |
| Debtor. | ) |

**O P I N I O N**

This matter came before the Court for an evidentiary hearing on the objection of the Debtor, Tracey Englehaupt (DEBTOR), to the claim filed by Stephanie Balensiefen (STEPHANIE). Married to the DEBTOR'S brother, Shawn Balensiefen (SHAWN), STEPHANIE is the DEBTOR'S sister-in-law.

In April, 2007, the DEBTOR purchased a new 2007 Pontiac Grand Prix from a dealership in Peru, Illinois, and obtained financing from GMAC. She executed a Retail Installment Contract as the Buyer.

Prior to the purchase, in order to help out her sister-in-law who at that time was about to graduate from nursing school, STEPHANIE offered to cosign for the DEBTOR to enable the DEBTOR to purchase the car. Both STEPHANIE and SHAWN testified that the

DEBTOR agreed to refinance the purchase money loan soon thereafter to take STEPHANIE off of the loan obligation. The DEBTOR did not dispute that testimony.

STEPHANIE signed the Retail Installment Contract as a Co-Buyer. The Certificate of Title to the vehicle identifies the Owners as the DEBTOR and STEPHANIE and the Lienholder as GMAC.

The DEBTOR took possession of and drove the Pontiac. She did not refinance the debt, however, and STEPHANIE remained liable as Co-Buyer. The DEBTOR began making the monthly car payments, but she fell behind in August and September, 2007. GMAC contacted STEPHANIE in October, 2007, about the delinquency. STEPHANIE immediately requested that the DEBTOR refinance to remove her from any further liability. The DEBTOR refused.

As a way to obtain leverage against the DEBTOR to force her to refinance, STEPHANIE had the Pontiac towed from the DEBTOR'S employer's lot and had a new set of keys made. She incurred expenses of $176.25 for towing and the new keys. The ploy failed as the DEBTOR'S father bought her a new car.

The DEBTOR filed her Chapter 13 petition on February 13, 2008, listing a joint ownership in the Pontiac and valuing it at $11,640 subject to the lien of GMAC securing a loan balance of $24,000. She did not list STEPHANIE as a creditor or as a codebtor on Schedule H. Neither were STEPHANIE or SHAWN included on the creditor matrix.

The Chapter 13 Plan filed by the DEBTOR, proposing surrender of the Pontiac to GMAC, was confirmed on April 7, 2008. GMAC filed a proof of claim asserting a petition date balance of $21,918.49. On April 30, 2008, STEPHANIE filed a proof of claim in the amount of $12,360, without itemizing that amount.

On November 3, 2008, the DEBTOR filed an objection to STEPHANIE'S claim alleging that she "does not owe this debt." STEPHANIE filed a response laying out the circumstances of the car loan. GMAC never moved for stay relief to exercise its rights in the Pontiac. STEPHANIE continues to retain possession of the Pontiac and is making the monthly payments. There is no dispute that STEPHANIE is personally liable to GMAC based upon signing the Retail Installment Contract as a Co-Buyer.[1]

The DEBTOR argues that STEPHANIE'S claim should be disallowed because she is not liable to STEPHANIE for any amount other than, perhaps, the cost of the new keys and some minor damage to a mirror. STEPHANIE argues that the claim should be allowed and the DEBTOR should be ordered to sign off on the title.

Based upon the uncontradicted evidence, the Court determines that STEPHANIE signed the Retail Installment Contract as an accommodation to the DEBTOR. In effect, STEPHANIE lent her creditworthiness to the DEBTOR to enable the DEBTOR to obtain financing that she could not otherwise obtain on her own. The Court also finds that the DEBTOR agreed to refinance the car loan after beginning her new employment and that she breached that agreement. The Court further finds that STEPHANIE is liable to GMAC for the full remaining balance owing on the Retail Installment Contract.

An accommodation party, similar to a surety or guarantor, who pays the indebtedness of the accommodated party, has a right to be reimbursed by the accommodated party for the payments so made. *Pearlman v. Reliance Inc. Co.,* 371 U.S. 132,

---

[1] In her response, STEPHANIE mistakenly alleges that she cosigned a Lease Agreement and that she does not own the Pontiac. The Retail Installment Contract is not a lease. Rather, it evidences the purchase of the Pontiac by the DEBTOR and STEPHANIE on the credit terms stated therein. The Certificate of Title indicates that the DEBTOR and STEPHANIE are joint owners of the Pontiac. GMAC is merely a lienholder, not an owner and not a lessor.

83 S.Ct. 232 (U.S.N.Y. 1962); *Standard Galvanizing Co. v. C.I.R.,* 202 F.2d 736 (7th Cir. 1953); *People ex rel. Barrett v. Farmers State Bank of Irvington,* 371 Ill. 222, 20 N.E.2d 502 (Ill. 1938). *Cf.* 810 ILCS 5/3-419(e) (accommodation party on note or instrument has right of reimbursement against accommodated party).

STEPHANIE has a right of reimbursement from the DEBTOR that arises out of STEPHANIE'S status as an accommodation party. The DEBTOR'S liability to reimburse her means STEPHANIE has a valid claim, albeit unliquidated, that may be allowed in this bankruptcy case. A contingent or unliquidated claim shall be estimated for purpose of allowance. 11 U.S.C. § 502(c). Given GMAC'S claim amount and the further depreciated value of the Pontiac, the Court finds the claim amount of $12,360 is a reasonable estimate of the amount of STEPHANIE'S ultimate liability to GMAC. Her claim will be allowed as filed.

The DEBTOR'S confirmed plan, now binding on her, provides for surrender of the Pontiac. In order to effectuate her plan, the DEBTOR will be ordered to sign over her interest in the Pontiac to STEPHANIE, who may then resolve her liability to GMAC in the manner of her choosing.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###